**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

———————————————

No. 25-11089
Non-Argument Calendar

———————————————

SCOTT MACINTYRE,

*Plaintiff-Appellant,*

*versus*

CITY OF PALM BAY,
a Florida Municipality,
OFFICER JUAN CASTRO ESCANDON,
Individually,
OFFICER COLE MCDONALD,
Individually,
OFFICER DERRICK MITCHELL,
Individually,

*Defendants-Appellees.*

2                    Opinion of the Court                    25-11089

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00988-JSS-RMN

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

After he was arrested for resisting without violence, Scott MacIntyre brought federal- and state-law claims against the city of Palm Bay and three of its police officers—Juan Castro Escandon, Cole McDonald, and Derrick Mitchell—for unlawful seizure, false arrest, excessive force, deliberate indifference, and battery. The district court dismissed the federal claims on qualified-immunity grounds. And because the federal claims were dismissed, the court exercised its discretion to decline supplemental jurisdiction over the remaining state-law claims.

Mr. MacIntyre appeals the dismissal of all but his deliberate-indifference claim. In response, the city and its officers concede that we should remand so Mr. MacIntyre can "be provided leave to amend [his] complaint to attempt to assert any viable claim, other than a Fourth Amendment deliberate[-]indifference claim." We agree that Mr. MacIntyre should be given the opportunity to amend all but his deliberate-indifference claim, which he abandoned on appeal. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 706 (11th Cir. 2016) (concluding that although a complaint had "fail[ed] to allege facts sufficient" to state claim  warranting dismissal, dismissal with prejudice was inappropriate given that Federal Rule of

Civil Procedure 15(a)(2) "advises courts to freely give parties leave to amend their complaints," and there was "no reason to believe that allowing . . . leave to amend [the] complaint would be futile or that some other substantial reason exist[ed] to deny leave" and that "the plaintiff should have the opportunity to amend his complaint" (citation omitted)); *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (en banc) ("Typically, issues not raised in the initial brief on appeal are deemed abandoned."). Thus, we affirm the dismissal of the abandoned deliberate-indifference claim and reverse and remand for Mr. MacIntyre to have the opportunity to amend his other federal- and state-law claims.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**